IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DAVID L. ALLS, by and through
her mother and next friend JENNIFER
KIRBY,

    PLAINTIFF,

VS.                                          CASE NO.: CV-07-J-1707-NE

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    DEFENDANT.

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. This Court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking Supplemental Security Income (SSI) based on plaintiff's diagnoses of bipolar disorder, ADHD, and others.

The plaintiff[1] filed an application for SSI on June 2, 2004 (protective filing date), when he was 9 years old (R. 43-46, 88-106). That application was denied and a hearing in front of an administrative law judge (ALJ) was subsequently held on July 27, 2006 (R. 27-28, 296-322). The ALJ thereafter rendered an opinion finding that the plaintiff was not under a disability at any time through the date of his decision (R. 13-24).

---

[1] For purposes of this opinion, "plaintiff" refers to the minor, David Alls.

The plaintiff requested administrative review of the ALJ's decision by the Appeals Council, which denied the request for review on September 15, 2006 (R. 10-12). The ALJ's decision thus became the final order of the Commissioner of Social Security. *See* 42 U.S.C.§ 405(g). This action for judicial review of the agency action followed (doc. 1).

The plaintiff was born June 1, 1995, and at the time of the hearing, would be starting the sixth grade in the fall (R. 300). The plaintiff stated he had not received speech therapy since the third grade, but continued in special education classes (R. 302). He testified he did not like school "that good" and had gotten into trouble for "a lot of stuff" (R. 304). However, he was looking forward to returning to school "to have fun" and make more friends (R. 309). The plaintiff was terrorized by his father when he was four years old (R. 311). He the started having emotional and mental problems when he began kindergarten (R. 311). He was hospitalized in 2004 for trying to jump off the roof of his house (R. 312). The plaintiff's mother believes that, over time, the plaintiff's condition has gotten worse (R. 313, 320).

The plaintiff had two "imaginary" friends, named James and Garrett, who were mean (R. 307). They had different physical attributes and according to plaintiff, they would be beside him, them enter him (R. 307-308). The plaintiff said he remembered what he did when this happened "most of the time" and he would do "bad stuff" (R. 307). However, the plaintiff also testified at the hearing that they had not come to

visit for a long time (R. 308). The plaintiff had stabbed one of his sister's with a knife from the kitchen not long before the hearing (R. 314).

At the time of the hearing, the plaintiff was taking Dexedrine, Adderall XR, Remeron, and Seroquel (R. 316). Although close to illegible, the medical records of Dr. Sherrill reflect that the plaintiff has been prescribed Adderall XR for ADHD at least since August 2003 (R. 210).

Plaintiff's first psychiatric hospitalization lasted thirteen days (R. 204). He was admitted for treatment of depressed mood with suicidal and homicidal ideations, anger outburst, and impulsive behavior (R. 204). Upon discharge, the plaintiff's diagnoses included Post Traumatic Stress Disorder ("PTSD") and ADHD, predominantly hyperactive and impulsive (R. 205). His Global Assessment of Functioning ("GAF") score upon discharge was 60 (R. 206).

The plaintiff was treated by Dr. Mark Kirk, a psychiatrist, beginning in April 2004 (R. 226). According to Dr. Kirk, at that time the plaintiff has a GAF of 60 and suffered from Bipolar Disorder, PTSD and ADHD (R. 226). In November 2005 the plaintiff was noted to be doing well, although his affect was constricted and he had mild periods of irritability (R. 229-230). His medications were noted as Adderall XR, Seroquel, Remeron and Dexedrine (R. 232, 236, 249-251). Dr. Kirk's records from the time just prior to the hearing reflect that the plaintiff was doing well (R. 244, 246). Angela Pack, LCSW, an outpatient therapist working under Dr. Kirk, opined in August 2005 that the plaintiff met both Listing 112.04 and 112.06 (R. 219-222).

The plaintiff's pediatrician, Dr. Martin Van Sherrill, noted in June 2005 that the plaintiff had been diagnosed with PTSD and ADHD, and possibly was bi-polar and had split-personality disorder (R. 207). Dr. Sherrill opined that the plaintiff's conditions had caused a substantial reduction in his ability to function independently, appropriately and effectively in an age-appropriate manner (R. 207).

Plaintiff's second psychiatric hospitalization occurred in August 2006, shortly after the hearing before the ALJ, (R. 282). Upon admission, the plaintiff had a GAF of 40 (R. 288). He was hospitalized for twelve days for threatening to kill his sister and himself (R. 284, 286). Mood instability was noted, bipolar disorder could not be ruled out but testing was consistent with generalized anxiety disorder (R. 284). Upon admission, the plaintiff was placed on suicide precaution and showed symptoms of ADHD (R. 284). His medications were adjusted and upon discharge, he was assigned a GAF of 70 (R. 284).

In his September 15, 2006, decision, the ALJ found that the plaintiff was not disabled at any time since June 2, 2004, the date her application was filed (R. 24). The ALJ found that the psychiatric treatment records from two psychiatrists showed no more than moderate limitations (R. 18). The ALJ considered the opinion that the plaintiff met Listings 112.04 and 112.06, but noted these opinion were based on a yes/no checklist provided to Ms. Pack, and not supported by any findings (R. 18). The ALJ also considered each of the six domains of function, but found the plaintiff to have less than marked limitations in acquiring and using information (R. 19), no

limitation in attending and completing tasks (R. 20), less than marked limitations in interacting and relating with others (R. 21), no limitation in moving about or manipulating objects (R. 22), no limitation in the ability to care for himself (R. 23), and less than marked limitation in health and physical well-being (R. 24)

The plaintiff argues that the Administrative Law Judge's decision was against the weight of the evidence. Plaintiff's brief, at 5. The plaintiff relies on the opinions of Ms. Pack and Dr. Sherrill to support his argument. *Id*.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court has considered the plaintiff's argument. Given the evidence in the record, the court is unable to conclude that the decision of the ALJ is against the substantial weight of the evidence. Ms. Pack does opine that the plaintiff meets two listings, but the opinions of medical professionals in the record do not support her opinion. Similarly, while Dr. Sherrill states that he believes the plaintiff's ability to function is greatly reduced, the psychiatric records do not support this conclusion. Rather, Dr. Kirk's records reflect repeated notations that the plaintiff is doing well. Upon his second hospitalization, Dr. Albert Sprinkle believed the plaintiff may actually suffer from a generalized anxiety order rather than bipolar disorder (R. 284).

Without substituting its judgment for that of the ALJ, this court cannot find that the ALJ committed reversible error in any of his determinations. The court has considered the record and the briefs of the parties. For the reasons set forth herein, this case is **AFFIRMED.**

**DONE** and **ORDERED** the 8th day of April, 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE